APR 10 2026 PM 12:14
FILED-USDC-CT-HARTFORD

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELAINE BOGACH,<br>　　　　Plaintiff, | §<br>§<br>§<br>§ | |
| vs. | § | CASE NO._____ |
| | § | |
| NATIONAL GRID USA,<br>　　　　Defendant. | §<br>§<br>§ | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** ELAINE BOGACH, hereinafter called Plaintiff, complaining of and about NATIONAL GRID USA, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1.    Plaintiff ELAINE BOGACH is a citizen of the United States and the State of Connecticut and resides at 16 Vernon Ave., #4, Vernon Rockville, Tolland County, Connecticut 06066.

2.    Defendant NATIONAL GRID USA may be served by serving, its agent authorized to accept service at 170 Data Dr., Waltham, MA 02451.

### JURISDICTION

2.    Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq., for employment discrimination based upon age. Jurisdiction is alleged pursuant to 28 U.S.C. §§ 1331, 1337, and/or 1343. Equitable and other relief is sought under 29 U.S.C. §§ 626(b) and (c) or §§ 633a(b) and (c).

3.    My year of birth is 1970.

### FACTS

7.    The facts surrounding my claim of employment discrimination are as follows:

Plaintiff began employment with Defendant on or about October 31, 2023. During her employment, Plaintiff reported directly to Nicole McManus. In January 2025, Plaintiff reported

1

concerns regarding her manager's conduct, including unprofessional behavior, bullying, and a hostile work environment. Following this complaint, Plaintiff experienced a pattern of retaliatory behavior, including increased scrutiny, micromanagement, and isolation from team communication. Plaintiff was subjected to restrictions not imposed on other employees, including requirements to copy her manager on all communications and limitations on interacting with colleagues. Plaintiff successfully contributed to major projects, including the CNG Riverhead project, where she negotiated approximately $1.3 million in savings and received recognition from project leadership. Despite these contributions, Plaintiff received a negative performance review and was placed on a Performance Improvement Plan. Plaintiff also experienced inconsistent and unfair treatment regarding reimbursement of business expenses. Plaintiff observed a pattern of adverse treatment toward older employees, including another employee who was placed on a PIP and terminated. The actions taken against Plaintiff occurred after she engaged in protected activity by reporting concerns through internal channels, including Human Resources and Ethics. As a result of Defendant's conduct, Plaintiff suffered emotional distress, reputational harm, and adverse impact to her employment.

8.      The alleged discrimination occurred on or about the following date(s) or time period: October 2024 until April 2025.

9.      I filed charges with the Equal Employment Opportunity Commission

10.     The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter (copy attached), which I received on or about the following date: 01/09/2026

11.     The EEOC or the CHRO determined that there was no probable cause to believe that discrimination occurred. My reasons for questioning that determination are as follows:
        The investigation did not fully account for the temporal proximity between Plaintiff's protected activity and the adverse actions taken against Plaintiff, including Plaintiff's negative performance review and placement on a performance improvement plan. Additionally, the determination did not adequately consider the pattern of retaliatory conduct, including increased scrutiny, micromanagement, and restrictions placed on Plaintiff that were not imposed on similarly situated employees, nor did it properly weigh the positive performance feedback Plaintiff received from project managers during the same period. These facts support a reasonable inference of discrimination and retaliation.

12.     If relief is not granted, I will be irreparably denied rights secured under the law(s) referred to in Item Number 3, above.

13.     The approximate number of persons who are employed by the Defendant

2

employer I am suing is: 30,000

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## BY NATIONAL GRID USA

14.    Defendant NATIONAL GRID USA, intentionally or recklessly engaged in a pattern of hostile and retaliatory conduct, including subjecting Plaintiff to unwarranted scrutiny, criticism, and failure to address her complaints regarding her treatment and work environment. Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

## RETALIATION BY NATIONAL GRID USA

15.    Plaintiff alleges that Defendant NATIONAL GRID USA, instituted a campaign of retaliation which included subjecting Plaintiff to increased scrutiny, unwarranted criticism, retaliatory micromanagement, and the imposition of restrictions not applied to other employees, including requiring Plaintiff to copy her supervisor on all communications, attend all meetings, and limit her interactions with colleagues, as well as issuing a negative performance review and placing her on a performance improvement plan shortly after she engaged in protected activity, despite project managers on projects to which Plaintiff was assigned providing positive feedback regarding her performance. This retaliation was and is due to Plaintiff exercising her rights by making a charge. Plaintiff suffered damages for which Plaintiff herein sues.

## DAMAGES

16.    Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a.    Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

b.    All reasonable and necessary costs incurred in pursuit of this suit;

c.    Front pay in an amount the Court deems equitable and just to make Plaintiff whole; and

d.    Loss of earnings in the past.

## SPECIFIC RELIEF

17.    Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

3

a.   All lost compensation, including salary, bonuses, and benefits, in an amount to be determined at trial;

b.   Compensatory damages, including damages for emotional distress, mental anguish, and other non-economic harm suffered as a result of Defendant's conduct; and

c.   Equitable relief, including but not limited to correction of Plaintiff's personnel records, provision of a neutral employment reference, and other relief necessary to make Plaintiff whole.; and

## JURY DEMAND

I hereby do demand a trial by jury.

## PRAYER

Plaintiff, ELAINE BOGACH, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____

Elaine Bogach, Pro Se Plaintiff
Email: elainebogach@yahoo.com
Address: 16 Vernon Ave., #4, Vernon
Rockville, Connecticut 06066
Tel.: (615) 524-1108

4

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at Vernon, Tolland County Connecticut  on April 10, 2026.


Plaintiff's Original Signature

5